# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **FRANCIS HOLLYWOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 3:19-cv-00979** |
| | )    **Judge Aleta A. Trauger** |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM

The magistrate judge has issued a Report and Recommendation ("R&R") (Doc. No. 45), recommending that the defendant's Motion for Summary Judgment (Doc. No. 31) be granted and that this case be dismissed. Now before the court are *pro se* plaintiff Francis Hollywood's Objections (Doc. No. 48) to the R&R. For the reasons set forth herein, the court will overrule the Objections, grant the defendant's Motion for Summary Judgment, and direct the Clerk to enter judgment for the defendant.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Francis Hollywood is Black; he is a naturalized United States citizen originally from Ghana; and he is an employee of defendant United Parcel Services, Inc. ("UPS"). He currently works as a Package Handler at the defendant's Whites Creek distribution center in Nashville, Tennessee, where his primary duty is loading boxes into trucks. The plaintiff was initially hired into this position as a part-time employee in 2009 but was promoted in November 2019 to a full-time position as a Package Handler. During the years prior to receiving that promotion, the plaintiff sought to become a full-time Feeder Driver with UPS. [1] This lawsuit primarily arises from his

---

[1] Feeder Drivers are responsible for driving tractor trailers between UPS's local hubs.

unsuccessful attempts to become a Feeder Driver in 2014, 2015, and 2016. The plaintiff asserts that the denial of those promotions was racially motivated. In addition, in October 2018, the plaintiff unsuccessfully attempted to qualify for a Shift Driver position.

On January 11, 2019, the plaintiff filed a Charge of Discrimination ("Charge") against UPS with the Tennessee Human Rights Commission ("THRC") and the Equal Employment Opportunity Commission ("EEOC"). In the Charge, the plaintiff check-marked boxes indicating that his claims were based on race and retaliation, and the narrative section of the Charge details his unsuccessful efforts to seek a promotion to a driver position, the grievances he had filed related to the denials of his attempts, and his belief that he had suffered discrimination and retaliation due to his race and national origin. (Doc. No. 34-1, at 3.) It states that the discrimination began in 2014 and was continuing, with the plaintiff's last disqualification for a driver position occurring in October 2018. (*Id.*) The EEOC took no action on the Charge and issued a Notice of Right to Sue on August 6, 2019. (*Id.* at 1.)

The plaintiff filed suit against UPS on November 1, 2019. (Doc. No. 1.) The Complaint (Doc. No. 1) sets out four counts for relief: (1) race and national origin discrimination in violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.*; (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"): (3) race discrimination and harassment in violation of 42 U.S.C. § 1981; and (4) retaliation in violation of the THRA, Title VII, and § 1981.

The plaintiff was represented by counsel at the time the Charge and the Complaint were filed. Plaintiff's counsel was permitted to withdraw from the case on March 31, 2020. The plaintiff was given time to find new counsel, but he has proceeded *pro se* since then.

The defendant filed its Motion for Summary Judgment in November 2020, and the court referred the motion to the Magistrate Judge. The Magistrate Judge recommends that the Motion for Summary Judgment be granted on the following grounds:

> (1) The plaintiff clearly and unequivocally stated during his deposition that the only claim he is pursuing is a race discrimination claim based on his having been denied a promotion to a Feeder Driver position in 2014, 2015, and 2016 because of his race. As a result, the Magistrate Judge concludes that the plaintiff expressly abandoned all claims set forth in the Complaint except those related to the Feeder Driver position, specifically including his THRA claim based on national origin discrimination (part of Count I); his THRA and Title VII claims related to the defendant's failure to promote him to any other position (part of Counts 1 and II); his § 1981 claim for racial harassment (Count III); and his THRA, Title VII, and § 1981 claims based on retaliation (Count IV).

> (2) The plaintiff's Title VII claim based on the defendant's failure to promote him to the Feeder Driver position is barred by the statute of limitations, because the undisputed facts show that the most recent time that the plaintiff was denied a Feeder Driver position was in 2016, but he did not file a charge of discrimination until January 11, 2019, well beyond the 300 day period set forth in 42 U.S.C. § 2000e-5(e). That is, the plaintiff simply waited too long before filing his EEOC Charge relating to these events.

> (3) To the extent the plaintiff brings a THRA race discrimination claim based on the failure to promote him to the Feeder Driver position, it is barred by the applicable one-year statute of limitation, as the Complaint was filed more than one year after 2016.

> (4) Even if the plaintiff had not abandoned his § 1981 claim based on racial harassment and retaliation, it is barred by the four-year statute of limitations, as the plaintiff's deposition testimony established that the only harassing incident upon which the claim is premised took place in 2014, more than four years prior to the filing of the Complaint.

> (5) Even if the plaintiff had not abandoned his retaliation claim, the record contains no evidence of retaliation.

(Doc. No. 45, at 11–16.) The Magistrate Judge recommends, on the basis of these findings, that the defendant's Motion for Summary Judgment be granted.

The plaintiff filed timely Objections (Doc. No. 48), and the defendant filed a Response (Doc. No. 53).

## II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## III.    DISCUSSION

Each of the plaintiff's Objections is enumerated below. While they are sufficiently specific to be considered, most of them are also beside the point, as they address extraneous and irrelevant factual details, the resolution of which does not affect the Magistrate Judge's conclusions that the plaintiff has abandoned all claims except the race discrimination claims based on the Feeder Driver position and that the only remaining claims, whether deemed to arise under the THRA, Title VII, or § 1981, are clearly time-barred.

### Abandonment of Claims

The plaintiff has not formally objected to the Magistrate Judge's determination that he expressly abandoned all of his claims except for those based on UPS's failure to promote him to a Feeder Driver position in 2014, 2015, and 2016. While it is not entirely clear that the plaintiff actually understands the import of the Magistrate Judge's determination, it is clear that the plaintiff's arguments in his Response to the Motion for Summary Judgment focus entirely on the Feeder Driver position and that the plaintiff expressly and unambiguously stated during his deposition that the only claims he is pursuing are those for discrimination based on his being disqualified for the Feeder Driver positions. (Doc. No. 32-2, at 10, Pl.'s Dep. at 39–40 ("Q. So other than the discrimination claim against black individuals seeking a job in the feeder department, there are no other claims that you are alleging at this point? . . . . A. No. . . . I am not concerned with package driving. All I want is feeder driving, that is what my concentration is on right now.").)

The Magistrate Judge did not err in concluding that the plaintiff had abandoned his claims except for those related to discrimination in connection with his being denied promotion to the Feeder Driver position. *Accord Buckner v. Cmty. Mental Health Auth.*, No. 1:18-cv-1408, 2020 WL 1005168, at *3 (W.D. Mich. Feb. 10, 2020) ("[The plaintiff] characterized her claims as a

federal whistleblower complaint and a racial harassment claim at her deposition. Thus, she has abandoned any other claims . . . ." (citing *Rasco v. Potter*, 265 F. App'x 279, 282 n.2 (5th Cir. 2008) (noting that the plaintiff had abandoned certain claims during his deposition)) (other citations omitted). The plaintiff in this case has not tried to recant his deposition testimony, nor has he argued that he made a mistake. Moreover, he has not pointed to any evidence in the record in support of a discrimination claim premised upon the failure to promote him to any other position—including his unsuccessful attempt in October 2018 to qualify for a Shift Driver position. *Accord Cooks v. Potter*, 109 F. App'x 810, 812 (7th Cir. 2004) (finding that the plaintiff had abandoned claims based on race and gender by conceding them at her deposition and noting that, "[e]ven if she did not abandon these claims, she did not present evidence sufficient to create a material issue of fact").

The Magistrate Judge bolstered her determination that the plaintiff had abandoned any claims not related to the Feeder Driver position by referencing the plaintiff's failure to "offer[] any response to Defendant's abandonment argument," noting that "his failure to address Defendant's argument that some of his claims have been abandoned by virtue of his deposition testimony can itself be viewed as an abandonment of these claims." (Doc. No. 45, at 13 (citing *Carrigan v. Arthur J. Gallagher Risk Mgmt. Servs., Inc.*, 870 F.Supp.2d 542, 549-50 (M.D. Tenn. 2012), in support of the principle that a plaintiff abandoned claims by not defending them in his response to a motion for summary judgment).

The Sixth Circuit has repeatedly stated, in unreported opinions, that "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown.*, 545 F. App'x at 372 (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006);

*Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003)). At the same time, however, in reported opinions, the Sixth Circuit has made it clear that a district court faced with a plaintiff's failure to respond, in whole or in part, to a motion for summary judgment "[may] not use that [failure] as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)). The district court retains this obligation, because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Id.* (quoting *Smith*, 600 F.2d at 64). Consequently, if an abandonment argument is premised solely on a plaintiff's silence in response to the defendant's arguments, the court "must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists" before granting summary judgment on those particular claims. *Id.*

In this case, however, the plaintiff's abandonment of claims occurred during his deposition, essentially obviating any need for the defendant to further explore the basis for a claim based on the defendant's failure to promote him to any position other than the Feeder Driver position. Moreover, in responding to the Motion for Summary Judgment, the plaintiff made no attempt to refute the defendant's statute of limitations argument by affirmatively presenting evidence of discriminatory acts that took place within the limitations period.

Accordingly, the court accepts the Magistrate Judge's conclusion that the plaintiff abandoned all claims other than those arising from the defendant's failure to promote him to the Feeder Driver position in 2014, 2015 and 2016. To the extent the plaintiff's objections concern

anything other than the Magistrate Judge's conclusions that his only remaining claims pertain to the Feeder Driver position and are time-barred, they are essentially irrelevant.

**First Objection[2]**

The plaintiff objects to this statement contained in the R&R: "If the applicant successfully completes the 'non-productive' component [of the selection process], the applicant must obtain a [commercial driver's license ("CDL")] prior to moving to the 'productive' component, during which they are accompanied by a trainer while they operate a tractor trailer on the public roadways." (Doc. No. 45, at 2.) The plaintiff, without any citation to evidence in the record, asserts that this statement is incorrect, because applicants cannot obtain a CDL until after they complete the "productive" portion of the qualification process. (Doc. No. 48, at 1.)

Aside from the fact that the plaintiff does not cite to any evidence in the record in support of this assertion, his argument is simply irrelevant. Even if he were correct, such a finding would not affect the Magistrate Judge's conclusion that the claim based on the failure to promote to the Feeder Driver position is barred by the statute of limitations. This Objection is overruled as irrelevant and unsupported.

**Second Objection**

The plaintiff objects to this statement in the R&R: "Plaintiff attempted to qualify for a Feeder Driver position by attending FD Training in 2014, 2015, and 2016 but was not able to successfully complete the 'non-productive' component on each occasion because his trainers disqualified him based on their concerns about his ability to safely and proficiently operate the tractor trailer and correctly perform all of the required duties associated with the position." (Doc.

---

[2] The court's discussion of the plaintiff's Objections presumes some familiarity with the factual summary set forth in the R&R.

No. 45, at 2.) The plaintiff asserts that this statement is based on the defendant's "lie," because he, in fact, successfully completed the training. (Doc. No. 48, at 2.)

Again, the plaintiff does not cite to any admissible evidence in the record to support this belief. Moreover, even if he had, this Objection is beside the point. The plaintiff does not object to the conclusion that he attempted to qualify for a Feeder Driver position in 2014, 2015, and 2016, and he fails to address the Magistrate Judge's determination, as a legal matter, that he waited too long before filing his EEOC Charge bringing claims based on his attempts to qualify for the Feeder Driver position in 2014, 2015, and 2016. This objection is overruled as unsupported and irrelevant.

### Third Objection

The Magistrate Judge stated: "In October 2018, Plaintiff also unsuccessfully attempted to qualify for a Shift Driver position after failing to complete the 'non-productive' component of training for that position." (Doc. No. 45, at 2–3.) The plaintiff states that this statement, too, is a "lie the Defendant is telling the court," because the plaintiff successfully performed every task his trainer asked him to complete. (Doc. No. 48, at 3.)

The plaintiff, notably, does not object to the Magistrate Judge's factual finding that he was disqualified from the Shift Driver position in 2018. Instead, he claims that the disqualification was improper. Moreover, he has not cited to any evidence in the record to support his belief. More importantly, even if the court accepts the plaintiff's statement as true, this fact is irrelevant to the Magistrate Judge's proposed findings, because, as set forth above, the plaintiff has not addressed the Magistrate Judge's conclusion that he affirmatively abandoned any claim regarding his 2018 disqualification from the Shift Driver position.

**Fourth Objection**

The R&R summarizes the defendant's Reply as arguing that the plaintiff's Response to the Motion for Summary Judgment did not rebut the legal arguments that support summary judgment, that the Response was procedurally improper, and that the majority of the evidence submitted by the plaintiff was either irrelevant or not in a form that could be considered in ruling on a motion for summary judgment. The plaintiff objects to that summary on the basis that he is "not in the judiciary system," has the right to represent himself, and believes that every document he submitted in support of his argument is relevant.

The statement to which the plaintiff objects was simply a summary of the argument articulated in the defendant's Reply. It is neither a proposed finding of fact nor a proposed conclusion of law and, therefore, is not a proper basis for an objection. The Objection, consequently, is overruled.

**Fifth Objection**

The plaintiff objects to this statement by the Magistrate Judge: "In considering whether summary judgement is appropriate, the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." (Doc. No. 45, at 7.) The Magistrate Judge accurately set forth the standard of review applicable to motions for summary judgment under Rule 56, and the plaintiff's objection, which appears to be founded on his characterization of the defendant's evidentiary material as "base[d] on lies and forgeries," is without merit.

**Sixth Objection**

The plaintiff objects to the Magistrate Judge's determination that the plaintiff's Response brief "contains numerous factual assertions that are not supported by affidavits or by declarations that are sworn under penalty of perjury." (Doc. No. 45, at 10.) The plaintiff states that this is untrue,

because his documents have "been notarized and deemed legal," and, moreover, that the defendant's sworn affidavits are full of lies. (Doc. No. 48, at 4.)

Even if the court accepts as true the plaintiff's statements in his interrogatory answers (which are notarized but not sworn under penalty of perjury) and his unsworn Response, the fact remains that his claims based on the Feeder Driver position are barred by the statute of limitations.

### Seventh Objection

The plaintiff objects to the Magistrate Judge's finding that his response to the defendant's Statement of Undisputed Material Facts did not include citations to the record. The plaintiff objects on the basis that he is not a lawyer. He believes that all the court expects from him is to argue his case, have the "right documents," and respect the law, which is what he is doing. (Doc. No. 48, at 4.)

The plaintiff is correct that, as a *pro se* litigant who is not represented by an attorney, his pleadings and other filings are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Magistrate Judge expressly recognized that the plaintiff is a *pro se* litigant and extended him the courtesy of the less stringent standards for pleadings accorded *pro se* litigants in this Circuit. Importantly, however, the plaintiff's *pro se* status does not absolve him from familiarizing himself—and complying—with the Federal Rules of Civil Procedure and this court's Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Regardless, again, the law is not on the plaintiff's side. His discrimination claims premised upon events that happened in 2014, 2015, and 2016 are clearly barred by the statute of limitations.

### Eighth Objection

The plaintiff objects to this statement in the R&R: "During questioning from Defendant's attorney at his deposition, Plaintiff clarified on several occasions that he was only pursuing claims based upon racial discrimination regarding the Feeder Driver position." (Doc. No. 45, at 11.) As noted above, the plaintiff does not object on the basis that he pursues other claims as well. Instead, he objects as follows:

> Every offer I demanded from the Defendant, they turned them down. The only way to prove that I have been denied better and enjoyable life, crashed dreams, visions, career and a business is by proving I lost all that because I was being discriminated. If I cannot prove it, how can I be compensated for my losses and damages? Every other claim will surface up once I am able to prove I was being discriminated.

(Doc. No. 48, at 4.) In other words, he appears to be suggesting that other evidence of discrimination will surface once he proves that his disqualification from training for the Feeder Driver positions was discriminatory. The claims related to the Feeder Driver position are time-barred, however, and the plaintiff clearly abandoned his other claims. This objection is overruled as well.

### Ninth Objection

The plaintiff objects to this legal conclusion set forth in the R&R: "With respect to Plaintiff's Title VII claim for a failure to promote, he was required to have filed a charge of discrimination within 300 days of the alleged unlawful conduct in order to later bring a lawsuit under Title VII." (Doc. No. 45, at 14.) The plaintiff protests that the last time he suffered discrimination was in October 2018; his former attorney filed his EEOC Charge within 300 days of that date; and his lawsuit was filed within ninety days of his receipt of the Notice of Right to Sue. (Doc. No. 48, at 4–5.) He states that the discrimination began in 2014, but, because the last

date on which he suffered discrimination was in October 2018, he believes his lawsuit is timely. (*Id.* at 5.)

As set forth in the defendant's Statement of Undisputed Material Facts, the plaintiff attempted unsuccessfully to qualify for a Shift Driver position in October 2018. There is no other evidence in the record concerning that attempt, and the plaintiff made it clear during his deposition that he was "not concerned with package driving"; instead, his claims were focused on the Feeder Driver position. (Hollywood Dep. 40, Doc. No. 32-2, at 10.)

Regarding his attempts to qualify for the Feeder Driver position, the Magistrate Judge correctly stated that the "continuing violation doctrine" does not apply to the claims arising from the defendant's failure to promote the plaintiff on three discrete occasions, as each of those refusals to promote constituted a separate "unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 332 (6th Cir. 2020). Thus, "only those acts that occurred [within] 300 days before . . . the day that [plaintiff] filed his charge[] are actionable." *Morgan*, 536 U.S. at 114. The plaintiff attempted to secure promotions to the Feeder Driver position in 2014, 2015, and 2016, but he did not file his EEOC Charge until January 2019, well over 300 days after the last actionable event occurred in 2016. The Magistrate Judge, therefore, did not err in concluding that claims related to the failure to promote the plaintiff to the Feeder Driver position are time-barred. This objection is overruled.

### Tenth Objection

Finally, the plaintiff objects to the Magistrate Judge's factual determination that the racially derogatory comments on which the plaintiff's § 1981 harassment claim is premised were made by trainer John Williams during a training that took place in 2014. In a footnote, the Magistrate Judge recognized that the Complaint states that the objectionable comments were made by Don Williams,

and the record reflects that Don Williams was the plaintiff's trainer in 2015. (Doc. No. 45, at 16 n.5 (citing Doc. No. 1, at 3 ¶ 8).) However, as the Magistrate Judge further observed, the EEOC Charge stated that the comments were made during the 2014 training; the plaintiff testified in his deposition that he was trained in 2014 by John Williams; the plaintiff testified that John Williams made the discriminatory comments to him; and his 2014 grievance and interrogatory answers both state that the objectionable comments were made by John Williams in 2014. (*Id.* (citing Doc. No. 34-1, at 29–30, 33).) The plaintiff reiterated in his Response in opposition to the Motion for Summary Judgment that John Williams made the racist comments. (Doc. No. 34, at 5.)

The evidence in the record fully supports the Magistrate Judge's factual conclusion that the only comment upon which the plaintiff's § 1981 harassment claim is premised took place in 2014, more than four years prior to the filing of the Complaint in 2019. Claims under § 1981 are subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004). Thus, even if the § 1981 claim had not been abandoned, it would be subject to dismissal as barred by the statute of limitations. This objection, too, is overruled.

## IV. CONCLUSION

For the reasons set forth herein, the court will overrule the plaintiff's Objections, accept the R&R in its entirety, and grant the defendant's Motion for Summary Judgment.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge